IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDY D. MITCHELL,<br><br>                      Plaintiff<br><br>VS.<br><br>EUGENIA HARRISON, *et al.*,<br><br>                      Defendants | NO.  5:08-CV-307 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

      Plaintiff RANDY D. MITCHELL filed the above-captioned action pursuant to 42 U.S.C. §1983 contending that the defendants retaliated against him for filing a grievance. Tab #1 and Tab #9. According to plaintiff Mitchell, the defendants retaliatory acts violated his First Amendment rights. In response, defendants Eugenia Harrison, Pearline Mosley, and Tracey Lumpkin have filed a motion seeking to dismiss the action. Tab #12. The defendants' motion seeking dismissal argues that plaintiff Mitchell has failed to state a claim and that they are entitled to qualified immunity.[1]

### LEGAL STANDARD

      A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); See also, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (en banc) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on pet. for rehearing, reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

---

[1] The defendants originally raised the defense of failure to exhaust but have subsequently withdrawn this argument.

FIRST AMENDMENT RETALIATION CLAIMS

The Eleventh Circuit has adopted a three part-test for determining whether a plaintiff has an actionable First Amendment retaliation claim. See *Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005). Under this test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's alleged retaliatory conduct adversely affected the protected speech; and, (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech. *Id*. at 1250. The court went on to hold that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Id*. at 1254. Accordingly, the court explained that a plaintiff need not show that his own exercise of First Amendment rights has been chilled, but instead a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights. *Id*. at 1254-55.

DISCUSSION

Plaintiff Mitchell's allegations, taken as true, are as follows. On August 26, 2008, soon after his arrival at Scott State Prison, he attended a classification meeting wherein his prison work detail was to be determined. During this meeting, and after plaintiff had explained his educational background and skills, he was told that he would be assigned as a chaplain's aide. Present at this meeting were an unnamed lieutenant, defendant Mosley, and the plaintiff. Immediately after this meeting, and while on his way back to his cell block, plaintiff Mitchell stopped to see his counselor, defendant Lumpkin for the purpose of submitting a grievance about the prison's showering policy. Apparently, plaintiff Mitchell was unhappy that he was not permitted to shower until late in the afternoon despite being required to spend several hours each morning outdoors in the prison yard. Upon receipt of this grievance, defendant Lumpkin began yelling about the fact that plaintiff Mitchell had only just arrived at the prison and was already filing grievances. Defendant Lumpkin then called in defendant Mosley who was nearby in the hallway. After reading the grievance, defendant Mosley asked plaintiff Mitchell whether he really wanted to file the grievance adding that, if he did, he may not be assigned the chaplain's aide detail. Nevertheless, plaintiff Mitchell filed the grievance.

A few days later, plaintiff was called to the office of the Captain of Security. While there, several prison officials "ragged" the plaintiff for filing the shower grievance; he was then notified of his assignment— the undesirable detail of yard orderly. Soon thereafter, plaintiff Mitchell saw defendant Harrison and asked why he wasn't assigned the chaplain's aide detail. Harrison responded by telling plaintiff Mitchell that he had no business filing the aforementioned grievance. Following an attempt to grieve his work assignment as well as an unsuccessful classification appeal, plaintiff filed the instant action.

In response, and as set forth in their motion seeking dismissal, the defendants argue that they are shielded by qualified immunity and that the plaintiff has failed to state a claim. In addition, and with respect to defendant Harrison only, the defendants contend that the claims against Harrison are premised solely upon on a theory of vicarious liability and should therefore be disallowed.

The undersigned disagrees with each of these arguments. After carefully reviewing the record in this case, it appears that plaintiff Mitchell has put forth sufficient allegations to overcome the defendants pre-answer motion seeking dismissal. That is, plaintiff appears to have set out and satisfactorily supported his First Amendment retaliation claim to the extent that dismissal of this action would not be appropriate at this stage. Moreover, the defendants positions that they are shielded by qualified immunity, or, in the case of defendant Harrison, by vicarious liability, are unavailing.

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION TO DISMISS** be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 30th day of June, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE