IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RANDY D. MITCHELL,

        Plaintiff

VS.

EUGENIA HARRISON, *et al.*,

        Defendants

NO. 5:08-CV-307 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Plaintiff Randy D. Mitchell filed the above-captioned action pursuant to 42 U.S.C. §1983 claiming that the defendants, in violation of his constitutional rights, retaliated against him for filing a grievance. Tab #1 and Tab #9. In response, and after an unsuccessful attempt to have this action dismissed on the basis failure to state a claim and qualified immunity (Tab #13, Tab #24, and Tab #25), defendants Eugenia Harrison, Pearline Mosley, and Tracey Lumpkin filed a motion seeking summary judgment (Tab #38). The defendants' motion seeking summary judgment is supported by a statement of material facts, a memorandum in support, and numerous affidavits and exhibits. Tab #38. In their motion, the defendants basically reaffirm their previous contention that plaintiff Mitchell has simply failed to sufficiently state a claim for which relief can be granted. Upon receipt of this motion, the undersigned ordered and directed the plaintiff to file a response. Tab #44. He filed a response to the motion (Tab #45) to which the defendants filed a reply. Tab #47. The motion is now ripe for review.

# **LEGAL STANDARDS**

## **SUMMARY JUDGMENT**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

**FIRST AMENDMENT RETALIATION CLAIMS**

The Eleventh Circuit has adopted a three part-test for determining whether a plaintiff has an actionable First Amendment retaliation claim. *See Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005). Under this test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's alleged retaliatory conduct adversely affected the protected speech; and, (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech. *Id*. at 1250.

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

The court went on to hold that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." *Id*. at 1254. Accordingly, the court explained that a plaintiff need not show that his own exercise of First Amendment rights has been chilled, but instead a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights. *Id*. at 1254-55.

**DISCUSSION**

Plaintiff Mitchell's complaint alleges unconstitutional retaliation. To support this claim, he explains that, on August 26, 2008, a few days after his arrival at Scott State Prison, he attended a classification meeting where his prison work detail was to be determined. According to the plaintiff, the only staff members present at the meeting were defendant Mosley and an unnamed lieutenant. During this meeting, and after the plaintiff had explained his educational background and various skills, he avers that defendant Mosley told him that he would be assigned as a chaplain's aide.

Immediately after this meeting, and while on his way back to his cell block, plaintiff Mitchell stopped by to see his counselor, defendant Lumpkin, for the purpose of submitting a grievance concerning the prison's showering policy. This grievance indicated that he was dissatisfied with the prison policy prohibiting him from showering until late in the afternoon despite the fact that he was required to spend several hours each morning outdoors in the prison yard. According to plaintiff, upon defendant Lumpkin's receipt of this grievance, he began yelling about the fact that plaintiff Mitchell had only just arrived at the prison and was already filing grievances. Defendant Lumpkin then called for defendant Mosley who was standing nearby in the hallway. After reading the grievance, defendant Mosley asked plaintiff Mitchell whether he really wanted to file the grievance adding that, if he did, he may not be assigned the chaplain's aide detail.

Apparently undeterred by this alleged threat, plaintiff Mitchell proceeded to file the grievance. He avers that a few days later, he was called to the office of the Captain of Security. Once there, he was supposedly "ragged" by several prison officials for filing the shower grievance. Thereafter, he was notified of his detail assignment— the undesirable position of yard orderly.

A short time later, plaintiff Mitchell approached defendant Harrison and asked why he had not been assigned the chaplain's aide detail. Harrison purportedly responded by remarking that he had no business filing a grievance. Following an attempt to grieve his work assignment and a similarly unsuccessful classification appeal, plaintiff filed the instant action alleging unconstitutional retaliation.

In their motion seeking summary judgment, the defendants, relying upon the numerous affidavits and exhibits filed contemporaneously with their motion, began by setting forth their version of events. According to the defendants, plaintiff Mitchell, a convicted murderer serving a life sentence, was transferred to and arrived at Scott State Prison on August 21, 2008. On August 26, 2008, he met with a classification committee for assessment. The classification committee was comprised of defendant Mosley, Donald Long, and Lillian Hutchinson, all of whom were present during the meeting. According to the defendants, at no time during the meeting was the plaintiff told that he would be assigned chaplain's aide detail.

The defendants then explained that plaintiff Mitchell's assignment as a yard orderly occurred prior to his filing the grievance and, by extension, prior to defendants Harrison or Mosley having any knowledge thereof. In addition, the defendants also note that, in any event, because of the plaintiff's criminal history and status as a new arrival, his initial detail assignment was limited to either yard orderly, dorm orderly, or kitchen orderly. Finally, and with respect to defendant Lumpkin, the defendants claim that defendant Lumpkin had no role whatsoever in the plaintiff's classification assessment and had no authority to assign the plaintiff's detail.

In view of the above, the defendants argue that even though filing a grievance constitutes an exercise of the plaintiff's First Amendment right, he simply cannot show that he suffered any adverse action as a result nor can he establish a causal connection between the alleged retaliatory conduct and the protected speech. Because each of these elements must be demonstrated to proceed with a claim of retaliation, and in light of the plaintiff's inability to make such a demonstration, the defendants contend that they are entitled to judgment as a matter of law.

In response to the defendants motion, plaintiff Mitchell, relying solely upon his own self-serving affidavit, proceeded to dispute nearly every factual assertion proffered by the defendants. Within his affidavit, and as is evinced by many of his conclusory assertions, he included numerous statements based solely upon his beliefs. Rule 56(e) mandates that affidavits or declarations submitted in opposition to summary judgment be made on personal knowledge, setting forth facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify in the matters stated therein. Fed. R. Civ. Pro. 56(e); *accord Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). This personal knowledge requirement prevents statements in an affidavit that are based only upon belief — instead of knowledge — from raising genuine issues of fact sufficient to defeat summary judgment. *See e.g. Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000). For this reason, and because plaintiff Mitchell has failed to offer any other evidence, it is clear that he has failed to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. As such, it is apparent that he has failed to meet his burden on summary judgment.

Consequently, and after a careful review of the defendants' motion seeking summary judgment, the brief and exhibits submitted in support thereof, and the response and affidavit provided by the plaintiff, the undersigned concludes that the plaintiff's claims are not substantiated and that the defendants are entitled to judgment as a matter of law. Accordingly, **IT IS RECOMMENDED** that the defendants' motion seeking summary judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 25th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE