IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RANDY D. MITCHELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:08-CV-307 (MTT) |
| EUGENIA HARRISON, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter is before the Court on the Recommendation (Doc. 49) of United States Magistrate Judge Claude W. Hicks, Jr. on the Motion for Summary Judgment (Doc. 38) (the "Motion") filed by the Defendants in this case. In this action, the Plaintiff claims that the Defendants, various personnel at Scott State Prison ("SSP") where the Plaintiff is incarcerated, retaliated against him for filing a grievance. The Magistrate Judge recommends granting summary judgment to the Defendants. The Plaintiff has objected to the Recommendation (Doc. 50). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff rejects. For the following reasons, the Court must **REJECT** the Recommendation, but **GRANTS** the Motion for the reasons articulated below.

### I. FACTUAL BACKGROUND

A. Allegations in the Plaintiff's Complaint and Opposing Affidavit

The Plaintiff has been incarcerated since 1976. In August 2008, the Plaintiff was transferred to SSP. Shortly after arriving at SSP, the Plaintiff met with Defendant

1

Pearline Mosley, Chief Counselor for SSP, and a lieutenant at SSP for an initial assessment review. The purpose of this review was to provide Defendant Mosley with information to help her make determinations regarding the Plaintiff's eligibility for various work detail assignments at SSP. Allegedly Defendant Mosley told the Plaintiff at the review that he would be assigned to work as a chaplain's aide (which is presumably one of the more desirable assignments).

After the review had concluded, the Plaintiff approached Tracey Lumpkin, a Counselor at SSP, to present a grievance unrelated to the assignment hearing or the assignment itself. According to the Plaintiff, Defendant Lumpkin was irritated that the Plaintiff, who had not been at SSP for even a week, was already filing grievances. Defendant Lumpkin warned the Plaintiff not to file his grievance, but the Plaintiff insisted. Defendant Lumpkin summoned Defendant Mosley to inform her that the Plaintiff was filing a grievance. Defendant Mosley allegedly told the Plaintiff that filing the grievance could adversely affect his chaplain's aide assignment. The Plaintiff, though, insisted on filing his grievance. Later, when the Plaintiff received his official work detail assignment, he learned that he had been assigned not as a chaplain's aide but as a yard orderly (which was presumably not as desirable a position as chaplain's aide). When the Plaintiff inquired as to why he had been reassigned to yard orderly, the Plaintiff was allegedly told that he should not have filed a grievance.

B.  Allegations in Support of the Defendants' Motion

The Defendants dispute the Plaintiff's factual assertions. In particular, the Defendants assert that the Plaintiff was never told that he would be assigned as a chaplain's aide. And even assuming arguendo that one of the review participants had

told the Plaintiff that he could be assigned chaplain's aide, it is irrelevant for the purposes of summary judgment. First, no Defendant participating in the review had the authority to make such a representation to the Plaintiff. The review participants could only make recommendations to Defendant Harrison who, although she could make detail assignments, did not participate in the review or communicate with the Plaintiff at any time until the assignment had been made. Second, according to SSP policy, the Plaintiff was never eligible for an assignment as a chaplain's aide. "Due to [the Plaintiff's] status as a newly arriving inmate and the nature of his offense, [he] could not have been assigned to a chaplain's aide detail." Therefore, there was no retaliation—the reason that the Plaintiff was not assigned chaplain's aide was because SSP policy made him ineligible, not because he filed a grievance.

## II. DISCUSSION

The Recommendation is correct when it says that summary judgment is appropriate because there is no issue of material fact and the Defendants are entitled to judgment as a matter of law, but the Recommendation is incorrect in its reasoning. The Recommendation states that there is no issue of material fact because a flaw in the Plaintiff's opposing affidavit renders it insufficient to create a fact issue. According to the Recommendation, the problem with the affidavit is that it is not based on personal knowledge but on belief.

Fed. R. Civ. Pro. 56(e)(1) does require an "opposing affidavit [to] be based on personal knowledge." However, while there are some assertions in the affidavit that are based on the Plaintiff's belief, several important assertions—ones that create the factual issues—are unquestionably based on what the Plaintiff saw or heard; in other words,

the important, fact-issue-creating statements are based on personal knowledge.[1] For example, each of the following statements both creates a fact issue and is based on personal knowledge:

- ". . . I saw Defendant Mosley write down 'chaplain['s] aide' as my assignment." (Pl.'s Aff. ¶ 5.)
- "During classification, after discussing my criminal past, length of prison time done, good behavior during past years, age, appearance, demeanor during the classification meeting, etc., defendant Mosley at first said that she'd assign me as a school aide, but then said she'd assign me as a chaplain's aide instead." (*Id.* ¶ 8.)
- "Defendant Mosley told me she was impressed with me though I've been in prison since 1976, and satisfied with her decision to assign me as chaplain's aide." (*Id.* ¶ 9.)
- "When assigning me as chaplain's aide, Defendant Mosley said that all the chaplain's aide slots were filled, but one inmate is getting out shortly and I would have that slot." (*Id.* ¶ 13.)
- "When I saw Defendant Harrison in my dorm and asked why I did not get assigned chaplain's aide, she stated that I did not have any business filing a grievance." (*Id.* ¶ 15.)
- "After the classification of me was over, I then handed Defendant Lumpkin a grievance, and she began yelling and telling Defendant Mosley that I did not

---

[1] Because of this Court's ruling that SSP policy prohibited the Plaintiff from serving as a chaplain's aide, these fact issues are not material. If, however, the Plaintiff had been able to offer proof that tended to show that SSP had no such policy, these fact issues would be material and would likely defeat summary judgment.

4

- need to be a chaplain's aide for filing a grievance when I just got to the prison." (*Id.* ¶ 16.)

- "Defendant Mosley told me that I might not be chaplain's aide if I file[d the] grievance." (*Id.* ¶ 17.)

Because the Plaintiff's opposing affidavit is based on personal knowledge, it is appropriate to consider it on summary judgment. If those facts were material, then the Court would have to deny the Motion.

However, because of other facts in evidence, the above fact issues are not material and therefore cannot defeat summary judgment. First, none of the participants had the authority to make anything other than recommendations. Only Defendant Harrison, as the Deputy Warden of Care and Treatment at SSP, and who did not participate in the review, had the authority to make detail assignments. Thus, even if a review participant had told the Defendant that he would be chaplain's aide, it would not be material because that participant lacked the authority to bind Harrison. Second, according to SSP policy the Plaintiff's status as a newly arriving inmate made him ineligible to serve as a chaplain's aide or in any other position that required him to work in an isolated area of SSP. Thus, even if a review participant had recommended to Defendant Harrison that the Plaintiff should be assigned chaplain's aide, and even if Defendant Harrison only assigned the Plaintiff yard orderly after learning about the Plaintiff's grievance, it would not be material because of the Plaintiff's ineligibility to serve as a chaplain's aide.

Taken together, the above facts show that the Defendants are entitled to summary judgment. Although there may be issues of fact, those issues are not

material. The main material fact is that the Plaintiff was ineligible to serve as chaplain's aide, and the Plaintiff never showed that he was eligible to serve in that capacity.

### III.  CONCLUSION

For the above reasons, the Recommendation (Doc. 49) is **REJECTED**, but the Motion (Doc. 38) is **GRANTED**.

**SO ORDERED**, this the 22nd day of September, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jch